(94 South. 386)

### No. 25511.

### CRAIN v. SUNSERI.

### In re SUNSERI.

(Oct. 30, 1922.)

*(Syllabus by Editorial Staff.)*

**Appeal and error** ⬤⟳458(1)—**Answer in ejectment against tenant held sufficient to entitle tenant to suspensive appeal.**

In ejectment against a tenant, the tenant's answer, supported by oath to which was attached his lease, providing that at the end of the term he was to have the refusal at prices then prevailing, *held* sufficient to entitle him to a suspensive appeal, under Rev. St. § 2157, as it raised the issue of the right of renewal, required interpretation and construction by the court, and did not appear frivolous.

Proceeding by Mrs. Mary F. Crain against Joe Sunseri. Judgment for plaintiff, and defendant applies for writ of mandamus to compel the granting of a suspensive appeal.

Writ made peremptory, and court directed to grant appeal.

L. C. Butler, of Shreveport, for relator.

Robert A. Hunter, of Shreveport, for respondent.

By the WHOLE COURT.

DAWKINS, J. Plaintiff brought an ejectment proceeding against Sunseri, and obtained judgment requiring delivery of possession within 24 hours, pursuant to the statute. Defendant sought a suspensive appeal to this court, which was denied, and hence this application for mandamus to compel the granting of the appeal.

The respondent judge gives, as his reason for refusing the appeal, the fact, as construed by him, that the answer or return to the proceeding or rule for ejectment did not disclose, as required by section 2157 of the Revised Statutes, a showing that defendant was entitled to retain possession of the leased premises, and hence, according to that section, he was not entitled to a suspensive appeal.

There was attached to and made part of defendants' answer or return the lease, which plaintiff claimed had expired, supported by the oath of defendant. The lease was dated March 19, 1919, and with respect to its term, provided as follows:

"As one consideration of this lease the said Sunseri continues his present monthly tenancy until June 30, 1919, at the rate of $700 per month, after which date this lease begins at the rate of $125 per month. Said lease to commence on the 1st day of July, 1919, and end on the 30th day of June, 1922, thus making the lease for a period of three years, commencing and ending as above set forth. *At end of this lease the lessee has the refusal at prices then prevailing.*"

The language italicized or underscored is the provision relied upon by defendant as giving him the right of suspensive appeal under section 2157 of the Revised Statutes. That section reads:

"No appeal from any such judgment shall suspend execution unless the defendant has filed a special defense, supported by his oath, that all the facts contained in his answer are true, and entitle him to retain the possession of the premises, and unless further, he give bond with good and sufficient security, for all such damages as the appellee may sustain."

Without passing upon the sufficiency of the defense to maintain defendant in possession, we think it does comply with the requirements of the section sufficiently to entitle him to an order of suspensive appeal, upon furnishing such bond as the lower court may fix to cover the probable damages that plaintiff may suffer pending the appeal. It raises an issue of the right of renewal, requiring the interpretation and construction of the court, which does not appear frivolous, and he has the right to have the judgment of the lower court thereon reviewed through the regular channels of appeal.

For the reasons assigned, the writ of mandamus is made peremptory, and the court below is directed to grant a suspensive appeal, and to fix the bond and return thereof, all as required by law.